## NATIONAL LABOR RELATIONS BOARD v. ROBERT S. GREEN, Inc.

### No. 4885.

Circuit Court of Appeals, Fourth Circuit.

Jan. 31, 1942.

Lester M. Levin, of Washington, D. C., Regional Atty., National Labor Relations Board (Robert B. Watts, General Counsel, Laurence A. Knapp, Associate General Counsel, Ernest A. Gross, Asst. General Counsel, Louis Libbin, and Millard Cass, all of Washington, D. C., Attys., National Labor Relations Board, on the brief), for petitioner.

Albert A. Sapero, Baltimore, Md., for respondent.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

### PER CURIAM.

This is a petition to enforce an order of the National Labor Relations Board. The only question involved is the jurisdiction of the Board; and the jurisdictional facts, as to which there is no dispute, are stated by the Board as follows: "Robert S. Green, Incorporated, is a Maryland corporation with its principal place of business at Baltimore, Maryland, where it is engaged in the business of selling building supplies and materials at wholesale and retail. During 1939 the respondent purchased for resale materials valued at about $580,700, approximately $503,319 of which, by value, were shipped to it from points outside the State of Maryland. Its purchases for the year 1940, with a few exceptions, were substantially the same as for the year 1939, and the sources of its purchases were substantially the same. During 1939 and 1940 the respondent sold products valued at about $715,000 and $730,000 respectively. Less than 1 per cent of these amounts represents goods sold by it to points outside of Maryland."

Whether the sales to points outside of Maryland are sufficient in amount to furnish a basis of jurisdiction for the Board's action we need not decide, since we think that such basis unquestionably exists with respect to shipments made to respondent

---

from without the state. The precise point was involved in Newport News Shipbuilding & Dry Dock Co. v. National Labor Relations Board, 4 Cir., 101 F.2d 841, which was sustained as to the jurisdictional holding in National Labor Relations Board v. Newport News Shipbuilding & Dry Dock Co., 308 U.S. 241, 60 S.Ct. 203, 84 L.Ed. 219. In that case it was held that the purchase by a shipbuilding company of a large volume of materials from without the state furnished a sufficient basis for the jurisdiction of the Board, irrespective of the purpose for which the materials were used. We said [101 F.2d 843]: "During this year the total purchases of materials was $7,479,418, of which only $815,423.54, or 10.9%, were made within the state, the remainder representing interstate shipments. From January to August 1937, the purchases were $5,594,240, of which only $494,351.33, or 8.8%, were made within the state. If, therefore, the purpose of construction be ignored and it be assumed that the construction is of articles which are to have no relation to interstate or foreign commerce, a sufficient ground for regulation appears in the effect of the purchases on interstate commerce, which is within the power and duty of Congress to regulate and protect. If practices in the business will affect such commerce, Congress, under the clearest principles, has the power to regulate them. We have so held with respect to manufacturing products grown within a state for transportation in interstate commerce. Mooresville Cotton Mills v. National Labor Relations Board, 4 Cir., 94 F.2d 61. The Supreme Court so held with respect to the canning, packing and shipping of agricultural products grown within a state but shipped in interstate commerce, Santa Cruz Fruit Packing Co. v. National Labor Relations Board, 303 U.S. 453, 58 S.Ct. 656, 82 L.Ed. 954. There can be no difference in principle between the case in which manufacture precedes and that in which it follows interstate commerce. If the flow of commerce is obstructed by labor disputes, it can make no difference from which direction the obstruction is applied."

To like effect are the decisions in Virginia Electric & Power Co. v. N. L. R. B., 4 Cir., 115 F.2d 414, 416; National Labor Relations Board v. Virginia Electric & Power Co., 312 U.S. 677, 61 S.Ct. 826, 85 L.Ed. 1117; N. L. R. B. v. Schmidt Baking Co., 4 Cir., 122 F.2d 162, 163; N. L. R. B. v. A. S. Abell Co., 4 Cir., 97 F.2d 951, 955;

N. L. R. B. v. Suburban Lumber Co., 3 Cir., 121 F.2d 829, 832; Pueblo Gas & Fuel Co. v. N. L. R. B., 10 Cir., 118 F.2d 304; N. L. R. B. v. Sunshine Mining Co., 9 Cir., 110 F.2d 780, 784.

The business of respondent was clearly subject to the provisions of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., and the order of the Board will accordingly be enforced.

Order enforced.